United States District Court
Southern District of Texas
**ENTERED**
August 16, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JAMES LITTLE | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17–CV–00328 |
| | § | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Christopher James Little's Motion for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. Section 2412(d)(1)(A) ("Motion for Attorney Fees"). Dkt. 17. Little requests $7,431.00 in fees for his counsel's work in obtaining a fully favorable remand order in this social security matter and reimbursement of the District Court filing fee of $400.00. After reviewing the record and the law, the Court recommends that fees and costs be awarded in accordance with this opinion.

Section 2412(d)(1)(A) provides for an award of fees and expenses incurred by a prevailing party in proceedings for judicial review of agency action, unless the position taken by the United States was "substantially justified" or "special circumstances make an award unjust." The Commissioner does not dispute that Little is a "prevailing party" entitled to attorney's fees.

In accordance with § 2412(d)(1)(B), Little attached to his motion a detailed itemization of the work performed by counsel. *See* Dkt. 17-3. Little claims fees for 37.5 hours of work at a rate of $198.16 per hour, and reimbursement of the District Court filing fee of $400.00, payable from the Judgment Fund.

The Court finds a claim for attorney fees is appropriate and the hours claimed are reasonable, but that the calculation of the allowable hourly rate is erroneous under Fifth Circuit precedent. Little suggests billing all hours at the rate applicable for March 2018, the month when the bulk of the work was done on this appeal. However, Fifth Circuit Court precedent, while not dictating all the specifics about how the lower courts should adjust for changes in the cost of living, requires cost-of-living adjustments be made to reflect the cost of living applicable for the year in which legal services are rendered. *See Perales v. Cassilas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

The following is a breakdown of the hours of work broken down by year and the appropriate hourly rate, and the calculation of the attorney's fees that should be paid pursuant to Equal Access to Justice Act.

| Year | Hours | Hourly Rate | Amount |
|---|---|---|---|
| 2017 | .8 | $ 194.76 | 155.81 |
| 2018 | 36.7 | $ 198.49 | 7,284.58 |
| | | | $ 7,440.39[1] |

---

[1] For 2017, the calculation is made by multiplying $125.00 by $237.456 (the annual CPI-U, All items Index for the South Region), then dividing the product by 152.4 (the CPI-U South Region, for March 1996, the effective date of the revised Equal Access to Justice Act). For 2018, because the semi-annual CPI-U is available and Counsel's billing entries are not confined to a

2

Therefore, the Court recommends that Little's Motion for Attorney Fees be GRANTED, and Little should be awarded $7,440.39 in attorney's fees and $400.00 reimbursable costs from the Judgment Fund.[2]

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 16th day of August, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

single month, the Court uses the semi-annual index number of $242.004 in calculating the rate for services, as opposed to the March 2018 index number. *See Smith v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV195-DAS, 2016 WL 3645192, at *1 n.1 (N.D. Miss. June 30, 2016).

[2] "Here, Plaintiff successfully brought a civil action against the Commissioner in her official capacity, who was represented by the U.S. Attorney's Office. . . . Accordingly, Plaintiff's reimbursement for costs should be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304." *Campbell v. Berryhill*, No. 3:15-CV-3913-N-BH, 2017 WL 4404459, at *4 (N.D. Tex. Sept. 1, 2017), *report and recommendation adopted*, No. 3:15-CV-3913-N-BH, 2017 WL 4351370 (N.D. Tex. Sept. 29, 2017) (collecting cases). *See also Smith*, 2016 WL 3645192, at *1 ("costs allowed should be limited to reimbursement of the $ 400.00 filing fee" and such "should be paid out of the Judgment Fund").